# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:20-CV-00279-FDW
## (3:18-CR-00385-FDW-DCK-1)

| | | |
|---|---|---|
| ELROY MARSHALL, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV

Doc. 4].

## I.  BACKGROUND

On December 11, 2018, Pro Se Petitioner Elroy Marshall ("Petitioner") was charged in a

Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18

U.S.C. § 922(g)(1) (Count One) and one count of possession with intent to distribute a mixture

and substance containing a detectable amount of methamphetamine and cocaine in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two).  [CR Doc. 1].   A month later, Petitioner was

charged in Superseding Indictment on the same counts.  [CR Doc. 12].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-CV-00279-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-CR-00385-FDW-DCK-1.

On April 30, 2019, the parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to both counts in exchange for certain concessions and agreements by the Government. [CR Doc. 16: Plea Agreement]. For instance, the Government agreed to recommend a sentence of only 105 months should the Court determine that Petitioner is not a career offender or armed career criminal, which was well below the recommended guideline range of 151 to 188 months, including a variance as appropriate to allow the Court to impose such a sentence. [Id. at 2-3; see Doc. 23 at ¶ 83: PSR]. The Government also agreed not to pursue additional charges arising out of Petitioner's offense conduct if the Court were to accept Petitioner's guilty plea. [Id. at 3]. In the plea agreement, Petitioner stipulated to the factual basis that was filed with his plea agreement and agreed that it could be used by the Court and the U.S. Probation Office "without objection by defendant for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a)." [Id. at 4]. The factual basis provided, in pertinent part, as follows:

> 1. On or about October 15, 2017, in Wadesboro, North Carolina, within the Western District of North Carolina, the [Petitioner] possessed a firearm – a Ruger Model LC9, 9mm pistol – which he carried in his pocket on his person.
>
> 2. [Petitioner] possessed the Ruger firearm knowingly. He knew that the item was a firearm. And his possession of the firearm was voluntary and intentional.
>
> 3. The firearm that [Petitioner] possessed in Wadesboro, North Carolina, was manufactured outside of the state of North Carolina in Arizona. It had previously traveled in interstate commerce.
>
> 4. **At the time Marshall possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he knew as much**. At the time of his possession, [Petitioner] was a prohibited person, not permitted to possess a firearm.

[CR Doc. 15: Factual Basis (emphasis added)].

2

The plea agreement also provided, in relevant part, as follows:

> 13.  [Petitioner] acknowledges that Rule 11(f) and Fed. R. of Evid. 408 and 410 are rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. [Petitioner] knowingly and voluntarily waives these rights and agrees that any statements made in the course of [Petitioner's] guilty plea or this Plea Agreement (in part or in its entirety, at the sole discretion of the United States) and the Factual Basis will be admissible against [Petitioner] for any purpose in any criminal or civil proceeding if [Petitioner] fails to enter, or attempts to withdraw, the [Petitioner's] guilty plea, or in any post-conviction proceeding challenging the knowing or voluntary nature of the guilty plea.
>
> …
>
> 16.  [Petitioner], in exchange for the concessions made by the United States in this Plea Agreement, waives all rights to contest the conviction and sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver. This waiver precludes [Petitioner] from challenging his conviction or sentence on the basis of any other claim, including but not limited to any claim that the statutes to which [Petitioner] is pleading guilty are unconstitutional and any claim that the admitted conduct does not fall within the scope of the statutes.

[CR Doc. 16 at 4-5].

The Magistrate Judge conducted Petitioner's Rule 11 hearing on May 3, 2019. [See CR Doc. 19: Acceptance and Entry of Guilty Plea]. At that time, Petitioner testified under oath that he was guilty of the charges to which he was pleading guilty, that he understood and agreed to be bound by the terms of his plea agreement, and that he had read, understood and agreed with the factual basis. [CR Doc. 19 at ¶¶ 24, 26, 30-31]. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings. [See id. at ¶¶ 27-28]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [Id. at p. 4].

Prior to Petitioner's sentencing, a probation officer prepared a PSR. [CR Doc. 23]. The PSR included the offense conduct from the factual basis, *verbatim*, including that, "[a]t the time [Petitioner] possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and he knew as much…" [Id. at ¶ 9]. The PSR also provided that, "[a]t the time [Petitioner] possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. He was convicted in South Carolina of distribution of powder cocaine, S.C. Code § 44-53-375. And he was convicted in the Middle District of North Carolina of armed postal robbery, 18 U.S.C. §§ 2, 2114(a), and using and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii)." [Id. at ¶ 15]. The probation officer found a Total Offense Level (TOL) of 29 and a Criminal History Category of VI, yielding a recommended advisory guidelines range of 155 to 188 months' imprisonment. [Id. at ¶¶ 38, 51, 83]. The probation officer noted, however, the parties' agreement "that the appropriate sentence is 105 months, which is below the calculated guideline imprisonment range." [Id. at ¶ 84].

On December 18, 2019, the parties filed a joint notice of waiver and stipulation regarding Rehaif v. United States, 139 S. Ct. 2191 (2019),[2] "in anticipation of" and "to facilitate sentencing" in this matter. [CR Doc. 27 at 1-2: Waiver and Stipulation]. Therein, the parties noted that "[Petitioner] has discussed the Rehaif decision with his attorney and elects to stand by the guilty plea he previously entered and proceed to sentencing in this matter." [Id. at 1]. The parties, therefore, stipulated as follows:

> 1.     The [Petitioner] admits that, at the time he committed the section 922(g) offense(s) to which he has pleaded guilty in this case,

---

[2] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

> he knew that he had previously been convicted of a crime punishable
> by imprisonment for a term exceeding one year.  The defendant
> admits that he is in fact guilty of the section 922(g) offense(s) to
> which he pleaded guilty.
>
> …
>
> 4.      The [Petitioner] waives any right to contest his conviction in
> any appeal or post-conviction action on grounds related to <u>Rehaif</u>.
> This waiver precludes the [Petitioner] from asserting any claims
> related to <u>Rehaif</u>, including but not limited to claims of error in the
> indictment or other charging instrument and claims of error in the
> court's acceptance of his plea.

[<u>Id.</u> at 1-2].

Petitioner was sentenced the same day.  Adopting the PSR, the Court sentenced Petitioner to a term of imprisonment of 105 months on each count, to be served concurrently, citing the parties' joint sentencing recommendation as the reason for the downward variance from the guidelines range.  [CR Doc. 30 at 2: Judgment; CR Doc. 31: Statement of Reasons].  Judgment on Petitioner's conviction was entered on January 9, 2020.  [CR Doc. 30].  Petitioner did not directly appeal his conviction or sentence.

On May 14, 2020, Petitioner timely filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  [CV Doc. 1].  Petitioner challenges his conviction under <u>Rehaif</u>, arguing that the Government "failed to prove all the elements required for 922(g) conviction," that "[t]he plea agreement never mentioned the men [*sic*] rea elements of the statute," and "[a] newly recognized right."  [<u>Id.</u> at 4-5, 7].  The Court ordered the Government to respond to Petitioner's motion, [CV Doc. 2], and the Government moved to dismiss Petitioner's motion [CV Doc. 4].  Petitioner replied.  [CV Doc. 5].

This matter is ripe for adjudication.

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner's motion for relief under § 2255 fails for several reasons. First, the post-conviction waiver that Petitioner executed as part of his plea agreement waives his claim. Second, Petitioner explicitly waived in writing any Rehaif claim in the Waiver and Stipulation the parties filed before Petitioner's sentencing. Finally, Petitioner's Rehaif claim is procedurally barred, in any event.

### A.    Waiver

A waiver is the intentional relinquishment or abandonment of a known right. United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014). It occurs when a party "identifies an issue" and then explicitly declines to pursue it. Id. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims," such as a sentence in excess of the

statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Here, there is no question that Petitioner's plea agreement waiver was knowingly and voluntarily made. Petitioner stipulated to the factual basis that was filed with the plea agreement. The factual basis explicitly provided that, at the time Petitioner possessed the firearm, he knew that he had previously been convicted of a crime punishable by a term exceeding one year. Further, the plea agreement waiver explicitly precluded Petitioner from challenging his conviction or sentence in post-conviction proceedings on the basis of any claim other than ineffective assistance of counsel or prosecutorial misconduct. The plea agreement also provided that should Petitioner challenge the knowing or voluntary nature of his guilty plea, any statements made in the course of Petitioner's guilty plea or plea agreement and factual basis would be admissible against Petitioner in any criminal or civil proceeding.

At the plea hearing, Petitioner testified that he understood and agreed to be bound by the terms of the plea agreement, and that he had read, understood, and agreed with the factual basis. Petitioner also testified that he understood the rights he was waiving by pleading guilty, including his right to appeal and to challenge his conviction or sentence in post-conviction proceedings. Finally, Petitioner admitted that he was in fact guilty of the charges he was pleading to. Petitioner's guilty plea was, therefore, freely and voluntarily entered. See generally Lemaster, 403 F.3d at 221-22 (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). As such, Petitioner's knowing and voluntary guilty plea, including the waiver of post-conviction rights, waived Petitioner's present Rehaif claim. See United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (a waiver remains valid even in light of a subsequent change in law).

Before sentencing, Petitioner discussed the Rehaif decision with his attorney and "elect[ed] to stand by the guilty plea he previously entered and proceed to sentencing." [CR Doc. 27 at 1]. Further, Petitioner expressly stipulated before sentencing that, "at the time he committed the section 922(g) offense(s) to which he has pleaded guilty in this case, he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." [CR Doc. 27 at 1]. He again admitted his guilt to the § 922(g) offense. [Id.]. And he then "waive[d] any right to contest his conviction in any appeal or post-conviction action on grounds related to Rehaif." [Id. at 2]. There is simply no room for Petitioner to maintain his current claim under Rehaif. He knowingly abandoned any right thereto and it will be dismissed. See Robinson, 744 F.3d at 298.

## B. Procedural Bar

Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law justifies the failure to raise an issue only where the state of the law was such that "the legal basis for the claim was not reasonably available when the matter should have been raised." Id. Futility does not establish cause to excuse procedural default. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner has not demonstrated cause and prejudice or actual innocence, and no exception to the procedural default rule is evidenced from the record. See Bousley, 523 U.S. at 621-22. In fact, Petitioner does not contend – and the record firmly and unequivocally contravenes – that he was unaware of this felony status at the time he possessed the firearm at issue. Furthermore, Petitioner makes no showing that he was substantially disadvantaged by being unaware of the knowledge requirement because he did not allege that he did not know he was a felon, nor does he allege that he would not have pleaded guilty had he known this requirement. As such, Plaintiff's current claim is also procedurally barred.

In sum, Petitioner's Rehaif claim has been doubly waived and is procedurally barred, in any event. It will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and grants the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2.    The Government's Motion to Dismiss [Doc. 4] is **GRANTED**.

3.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: January 26, 2021

Frank D. Whitney
United States District Judge

10